**NOT FOR PUBLICATION**



FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE HAMPTON, *et al.*, | No. 14-36025 |
| Plaintiffs - Appellants, | |
| v. | D.C. No. 2:12-cv-00470-AA |
| FRED STEEN, *et al.*, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief Judge, Presiding

Submitted May 10, 2017[**]
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges and RAKOFF,[***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Plaintiffs' request for oral argument is denied. *Pro se* defendant-appellee Lloyd Trackwell, Jr.'s request to file a motion for appointment of counsel non-electronically (Docket Entry No. 56) is granted; but the motion for appointment (Docket Entries Nos. 55, 57) is denied.

[***]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiffs Bruce Hampton and Venese Hampton appeal the district court's decisions dismissing their complaint, quashing their subpoenas, and entering a pre-filing order against them as vexatious litigants. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings consistent with this decision.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citation omitted). We review for abuse of discretion "a pre-filing order entered against a vexatious litigant," *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007), and the grant of a motion to quash a subpoena, *Mueller v. Auker*, 700 F.3d 1180, 1194 (9th Cir. 2012).

We affirm the dismissal of plaintiffs' claims under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiffs' deprivation of goodwill claim fails because the complaint alleges only an injury to reputation. *See WMX Techs., Inc. v. Miller*, 197 F.3d 367, 374-76 (9th Cir. 1999). Plaintiffs' contract-based procedural due process claim fails because the complaint does not allege that the defendants terminated any agreements within the class of contracts that create constitutionally protected property interests. *See San Bernardino Physicians' Servs. Med. Grp., Inc. v. Cty. of San Bernardino*, 825 F.2d

2

1404, 1407-10 (9th Cir. 1987). We affirm the dismissal of the remaining Section 1983 and RICO claims substantially for the reasons set forth in detail in the district court's opinion. We agree that the complaint fails to allege any constitutional violations supporting a Section 1983 claim, *see Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (requiring "(1) that a right secured by the Constitution . . . was violated, and (2) that the alleged violation was committed by a person acting under the color of State law"), and fails to allege a RICO "associated-in-fact enterprise," *see Odom v. Microsoft Corp.*, 486 F.3d 541, 548-53 (9th Cir. 2007) (en banc).

However, we vacate the judgment to the limited extent that it dismissed plaintiffs' Fair Debt Collection Practices Act (FDCPA) claim. The district court dismissed this claim because the complaint fails to allege that Trackwell was a "debt collector" within the meaning of the statute, a ground not raised by the parties. Because this defect could be remedied with further factual allegations, this is not a claim for which plaintiffs "cannot possibly win relief," and dismissal on this ground without giving the plaintiffs notice and "some opportunity to respond"

3

was therefore erroneous. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (citation omitted).[1]

We find no error in the district court's conclusion that Trackwell's attack on plaintiffs' standing is premature. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004). We decline to reach in the first instance the defendants' many other proposed alternative grounds for affirmance.

We vacate the pre-filing order entered against the plaintiffs. "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citation, alterations, and internal quotation marks omitted). The district court entered the order without giving the plaintiffs notice and an opportunity to oppose. In addition, the order made no substantive findings of frivolousness or harassment, and was insufficiently tailored

---

[1]    Plaintiffs' request for leave to file a fourth amended complaint, raised for the first time on appeal, can be directed to the district court on remand.

to the perceived vice, because it applied to all filings by the plaintiffs against Trackwell, and not merely those arising out Trackwell's allegedly harassing "debt collection" efforts.

We find no abuse of discretion in the district court's quashing of plaintiffs' subpoenas. *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). The parties' requests for judicial notice (Docket Entry Nos. 38 and 45) are denied.

In sum, we affirm the dismissal of plaintiffs' Section 1983 and RICO claims and vacate the dismissal of plaintiffs' FDCPA claim; vacate the pre-filing order; affirm the quashing of plaintiffs' subpoenas; and remand for further proceedings consistent with this decision.

The parties shall bear their own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**